UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROY M. TILLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-03029-WTL-DKL |
| ) | |
| SHELBY COUNTY CRIMINAL JUSTICE ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Amended Complaint and Directing Service of Process**

**I.  Background**

In the Entry of November 9, 2016, the Court screened the plaintiff's complaint and dismissed it for failure to state a claim upon which relief can be granted because the only named defendant was the Shelby County Jail, which is not a suable entity. The plaintiff was given an opportunity to file an amended complaint, which he has done.

The Court construes the amended complaint as having been filed pursuant to 42 U.S.C. § 1983 asserting a claim of deliberate indifference to the plaintiff's serious medical needs. He also alleges that the Indiana Administrative Code at 210 IAC 3-1-11 is being violated. The plaintiff alleges that from June 7, 2015, through August 28, 2015, while he was incarcerated at the Shelby County Jail ("the Jail"), he was denied all six of his prescribed medications and was not allowed to see a physician.  He alleges that ever since he was stripped of his medications, he has not been mentally stable and has had headaches. The defendant in the amended complaint is the Shelby County Sheriff's Department, in its individual and official capacities. The plaintiff seeks compensatory damages.

## II.  Screening Amended Complaint

The amended complaint is now subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994) (internal quotation omitted). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a *federal* right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson,* 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). Any alleged violation of the Indiana Administrative Code does not support a claim under section 1983. In addition, any alleged violation of the Indiana Jail Standards set forth in Title 210 of the Indiana Administrative Code does not provide a private cause of action. *See Kress v. CCA of Tennessee, LLC,* 1:08-cv-431-DFH-TAB, 2008 WL 4627828 (S.D. Ind. Oct. 17, 2008). Any claim based on 210 IAC 3-1-11 is therefore **dismissed for failure to state a claim upon which relief can be granted**.

As noted above, the named defendant is the Shelby County Sheriff's Department. The plaintiff alleges that the "Sheriff is in charge of the Jail." The Court broadly construes the amended complaint as alleging that the Sheriff and/or a policy of the Jail interfered with the plaintiff's prescribed treatment and the plaintiff was thereby deliberately denied or delayed necessary medical treatment in violation of the Eighth Amendment. This claim shall proceed. Because naming both the Shelby County Sheriff in his official capacity and the Shelby County Sheriff's Department is redundant, the sole defendant for the present is the Shelby County Sheriff in his individual and official capacities. *See Budd v. Motley,* 711 F.3d 840, 844 (7th Cir. 2012) (an official capacity "suit against a government office and the officeholder are identical, the two defendants-the Sheriff and his office-are redundant on this claim.") (internal citations omitted).

### III. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the Shelby County Sheriff in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on December 5, 2016 (docket 10), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The plaintiff shall report any change of address within seven (7) days.

The **clerk shall update the docket** to reflect the defendant as the **Shelby County Sheriff in his individual and official capacities.**

**IT IS SO ORDERED.**

                                                Hon. William T. Lawrence, Judge
                                                United States District Court
Date: 1/3/17                               Southern District of Indiana

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

TROY M. TILLISON
Shelby County Jail
107 W. Taylor Street
Shelbyville, IN 46178

Shelby County Sheriff
Shelby County Jail
107 W. Taylor Street
Shelbyville, IN 46178