UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TROY M. TILLISON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-cv-03029-WTL-MPB |
| SHELBY COUNTY SHERIFF, | ) |
| Defendant. | ) |

**Entry Denying Motion to Reconsider and Reopen Case**

The Court dismissed this action with prejudice for failure to prosecute pursuant to Rule 41(b) and entered Final Judgment on October 26, 2017. The Court did this after the plaintiff repeatedly failed to comply with the pretrial schedule and respond to the Court's orders. The plaintiff was given several opportunities to come into compliance with the pretrial schedule or explain why he could not, yet he failed to do so. The plaintiff was also warned multiple times that the failure to follow the Court's orders could lead to the dismissal of his case.

Nearly two months after Final Judgment was entered, the plaintiff filed the presently pending motion for reconsideration and to reopen this case. He states that he was medically incapable of complying with the Court's orders and that he did not receive any mail after October 2, 2017. The substance of this motion is that of a motion brought pursuant to Rule 60(b), and will be treated as such. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) ("[W]hether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it.").

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . .

. ." "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011).

The plaintiff has not demonstrated that he is entitled to the extraordinary remedy of vacating the Final Judgment and re-opening this case. First, as to the plaintiff's assertion that medical conditions prevented him from complying with the Court's orders, these allegations are at best vague. He does not set forth what medical conditions he had or how they prevented him from communicating with the Court. Moreover, after the Court denied the defendant's first motion to dismiss for failure to prosecute without prejudice in order to given the plaintiff time to comply with the Pretrial Schedule, the plaintiff requested an extension of time to do so. This request demonstrates that, despite the plaintiff's ongoing medical issues, he was able to communicate with the Court. Nevertheless, the plaintiff failed to respond to the defendant's renewed motion to dismiss, which was filed after the plaintiff missed the extended deadline. The plaintiff could have, but did not, file a very brief motion with the Court explaining that he needed a further extension of time due to his medical conditions. In short, "[a]lthough severe illness could cause excusable neglect, [the plaintiff] failed to show that his illness was of such a magnitude that he could not, at a minimum, request another extension of time." *Williams v. Shinseki*, 373 Fed. Appx. 611, 615 (7th Cir. 2010) (citations omitted).

Second, to the extent the plaintiff states he did not receive any mail after October 2, 2017, this means he still received several of the Court's earlier warnings as well as the defendant's second motion to dismiss. Thus even though "[l]ost mail is one of the circumstances that [the Seventh Circuit] ha[s] identified as constituting excusable neglect" under Rule 60(b), *Brown v. Hertz*, 437 Fed. Appx. 496, 499 (7th Cir. 2011), it lacks force here because the plaintiff received several notices that he had to comply with the Pretrial Schedule. Nevertheless, he did not comply with

the Court's order or respond to the defendant's second motion to dismiss. Thus this too does not establish excusable neglect or constitute an extraordinary circumstance that warrants Rule 60(b) relief. *Cf. Buchanan v. Weaver*, 657 Fed. Appx. 588, 590 (7th Cir. 2016).

The defendant first sought dismissal of this case for failure to prosecute on June 13, 2017. For the next four months, the Court gave the plaintiff several opportunities to comply with the Pretrial Schedule or explain why he could not. Although the plaintiff clearly received these orders and communicated with the Court, he did not comply with the Court's orders or heed the warning that his case was subject to dismissal. The plaintiff's Rule 60(b) motion is insufficient to establish that, nearly two months after Final Judgment was entered, the plaintiff's circumstances were exceptional such that Rule 60(b) relief is warranted. Accordingly, the plaintiff's motion is **denied**. Dkt. No. 39.

**IT IS SO ORDERED**.

Date: 12/21/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TROY M. TILLISON
6249 South 500 West
Shelbyville, IN 46176

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com